EOD
3-20-00

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. J. BENJAMIN JOHNSON, JR., et al. | § § § | |
| v. | § | CIVIL ACTION NO. 9:96 CV 66 |
| SHELL OIL COMPANY, et al. | § | |

## ORDER

Before the court is the Defendants' Motion to Dismiss Relators' Claim under 31 U.S.C. §3729(a)(3) as Barred by the Statute of Limitations (Doc. # 796). After review of the motions, the relators' response, and the attachments submitted by the parties, it is the opinion of the court that the motion is well taken and should be GRANTED.

## BACKGROUND

On February 16, 1996, Relator J. Benjamin Johnson, Jr. filed his original *qui tam* complaint on behalf of the United States, under seal, according to the provisions of the False Claims Act ("FCA"). Subsequently, additional complaints were filed by other relators who have been dismissed from the case. In February



1998, the three relators complaints were consolidated into one complaint naming 15 defendant oil companies and affiliated companies as defendants. The case was unsealed on February 18, 1998 and ordered to be served upon the defendants. The allegations are of knowing underpayment of royalties on oil removed from federal and Indian lands.

The United States investigated the relators' allegations and intervened in the *qui tam* case against some, but not all, of the oil companies named in relators' complaints. The Government filed its complaint on March 18, 1998.

## STANDARD

It is well recognized that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." WRIGHT AND MILLER, *Federal Practice and Procedure*, § 1357 (1990). The Fifth Circuit has stated that dismissal of a claim on the basis of bare bones pleadings is a "precarious disposition with a high mortality rate." *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967). It must appear to a legal certainty that the relators can prove no set of facts in support of their claim that would entitle them to relief. *Worsham v. City of Pasadena,* 881 F.2d 1336, 1339 (5th Cir. 1989).

In evaluating a motion to dismiss, we must not go outside the pleading, we must accept as true all well pleaded facts in the complaint, and the complaint is to

be liberally construed in favor of the relators. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) *cert. denied*, 459 U.S. 1005, 103 S. Ct. 729, 74 L.Ed. 2d 953 (1983).

## ANALYSIS

The FCA provides that a civil action brought pursuant to its provisions may not be brought –

> (1) more than 6 years after the date on which the violation of section 3729 is committed, or (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 § U.S. C. 3731(b).

In their Motion to Dismiss, defendants assert that since the United States has not intervened in the conspiracy allegation against any of the defendants, the six year statute of limitations applies. They asserts that this section bars the suit because the limitation period runs "from the date in which the alleged unlawful conspiracy was formed." They point out that the relators allege that defendants have conspired since "at least the latter part of 1986" but waited to file their complaint until February 16, 1996. Therefore, they argue, relators' conspiracy

claim should be dismissed in its entirety.

Relators answer, citing various civil conspiracy cases, primarily anti-trust cases, for the proposition that the conspiracy is actionable so long as any acts are committed in its furtherance. Relators cite and quote from *Fitzgerald v. Seams*, 384 F. Supp. 688, 692 (D.D.C. 1974), *aff'd in part, remanded in part,* 553 F.2d 220 (D.C. Cir. 1977), which points out the general conspiracy rule that each overt act renews the limitation period and "is a natural outgrowth of the long-settled principle that a civil conspiracy is not in itself actionable, but rather, it is the acts causing injury undertaken in furtherance of the conspiracy which give rise to the action."

It is clear, however, that the plain language of the FCA creates liability as two separate wrongs, both the formation of a conspiracy to defraud the Government by getting a false or fraudulent claim allowed or paid, and numerous other acts, including the overt act of filing the false claim.[1] A conspiracy alleged in a suit brought under the FCA is not governed by the general civil conspiracy rule cited by Relators, but by the provisions of the False Claims Act.

Defendants cite several cases to support their position, none of which are

---

[1] 31 § U.S. C. 3729(a)(3) prohibits the act of "conspir[ing] to defraud the Government by getting a false or fraudulent claim allowed or paid."

4

effectively refuted by the relators. *Blusal Meats, Inc. v. United States*, 638 F. Supp. 824 (S.D.N.Y. 1986) *aff'd,* 817 F.2d 1007 (2nd Cir. 1987) states, in relevant part:

> The government argues that in applying the FCA statute of limitations in § 3731(b) to violations of the FCA conspiracy provision, the "last overt act" rule should apply.
>
> \*\*\*
>
> However, the last overt act rule is not applicable to actions for civil conspiracy. *See United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549-551, 63 S.Ct. 379, 386-88, 87 L.Ed. 443 (1943) (claim for civil penalty under FCA is civil, not criminal in nature). Under § 3729(3) the act which begins the running of the limitations period is the formation of the conspiracy. The fact that acts in furtherance of the conspiracy alleged in this case may have occurred within six years of the government's suit does not alter the application of the limitations period to the 3729(3) claim. The principle is well settled in this circuit that the occurrence of an act in furtherance of a civil conspiracy within the limitations period does not render every related but otherwise time barred conspiratorial act actionable. (Citations omitted.)

The Court agrees with this reasoning and the reasoning in *United States v. Cripps*, 451 F. Supp. 598 (E.D. Mich. 1978). An examination of the literal language of the False Claims Act supports the conclusion that overt acts in furtherance of the conspiracy do not relate back to the time of filing of the original complaint because the Act provides that a conspiracy is a separate act for which a defendant may be held liable, in addition to any overt acts which violate the

statute. The clear significance of the two separable provisions for liability is that they are intended to cover two separate wrongs, one, a conspiracy to defraud and the other, actual conduct which attempts to defraud or succeeds in defrauding the United States. It is clear that each separate act of fraud would be separately punishable. *See also United States v. Ben Grunstein & Sons Co.*, 155 F. Supp. 907, 912 (D.N.J. 1955): *United States v. Kates,* 419 F. Supp. 846, 852 (E.D. Pa. 1976).

Relators' Second Amended Complaint, the allegations of which the court accepts as true for the purpose of this motion, alleges the formation of the conspiracy outside the six year limitation period. Accordingly, Defendants have met their burden of showing that the conspiracy allegation against them is barred by 31 U.S.C. § 3731(b). Accordingly,

IT IS ORDERED that the Defendants' Motion to Dismiss Relators' Claim Under 31 U.S.C. § 3729(a) as Barred by the Statute of Limitations is GRANTED.

SIGNED this 16th day of March.

JOHN HANNAH, JR.